```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                              Case No. 17-04237-JJT
Daniel C Kaskus                                                     Chapter 7
        Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-5          User: admin               Page 1 of 1              Date Rcvd: Jan 22, 2018
                              Form ID: 318              Total Noticed: 21
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 24, 2018.
```
db          +Daniel C Kaskus,    4 Janell Lane,    Dallas, PA 18612-3336
4979124     +Bank of America,    PO Box 15220,    Wilmington DE 19850-5220
4979128      Commenity Bank,    PO Box 1833003,    Columbus OH 43218
4979129      Commenity Bank Zales,    PO Box 659819,    San Antonio TX 78265-9119
4979130     +Commonwealth Financial Systems,    245 Main Street,    Dickson City PA 18519-1641
4979132     +Commuity Bank NA,    3152 NYS RTE 417,    Olean NY 14760-1844
4979131     +Commuity Bank NA,    78 South Wyoming Avenue,    Edwardsville PA 18704-3102
4979133      Cross Valley FCU,    PO Box 597,    Wilkes Barre PA 18703-0597
4979134      Directv,    PO Box 5007,    Carol Stream IL 60197-5007
4979135      Discover,    PO Box 742655,    Cincinnati OH 45274-2655
4979137     +Monterey Financial Services,    4095 Avenida De La Plata,    Oceanside CA 92056-5802
4979138     +Old Sod Inc.,    400 Third Street,    Suite 205,    Kingston PA 18704-5816
4979139      Permanent General Assurance Corporation,    PO Box 305054,    Nashville TN 37230-5054
4979140     +Torres Credit Services,    27 Fairview Street,    PO Box 189,    Carlisle PA 17013-0189
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4979125     +EDI: BANKAMER.COM Jan 22 2018 18:58:00      Bank of America,    PO Box 2284,    Brea CA 92822-2284
4979127      EDI: CHASE.COM Jan 22 2018 18:58:00      Chase,    PO Box 15123,    Wilmington DE 19850-5123
4979126     +EDI: CHASE.COM Jan 22 2018 18:58:00      Chase,    PO Box 15153,    Wilmington DE 19886-5153
4979136      E-mail/Text: bholwadel@tempoe.com Jan 22 2018 18:54:11      Kahuna Payment Solutions,
              807 Arcadia Drive,    Bloomington IL 61704-6119
4979141      E-mail/Text: bkrcy@ugi.com Jan 22 2018 18:54:17      UGI,    PO Box 13009,
              Reading, PA 19612-3009
4979142     +EDI: WFFC.COM Jan 22 2018 18:58:00      Wells Fargo Financial Bank,
              Client Processing mac n003-038,    800 Walnut Street,    Des Moines, IA 50309-3605
4979143      EDI: WFFC.COM Jan 22 2018 18:58:00      Wells Fargo Financial National Bank,    PO Box 660553,
              Dallas TX 75266-0553
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 24, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 22, 2018 at the address(es) listed below:
```
              James   Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              John   Fisher    on behalf of Debtor 1 Daniel C Kaskus johnvfisher@yahoo.com,
               fisherlawoffice@yahoo.com
              Robert P. Sheils, Jr (Trustee)    rsheils@sheilslaw.com,
               rmcdonald@sheilslaw.com;PA41@ecfcbis.com;psheldon@sheilslaw.com
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **Daniel C Kaskus** | Social Security number or ITIN xxx–xx–7628 |
| | First Name   Middle Name   Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **5:17–bk–04237–JJT**

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Daniel C Kaskus

**By the court:** *[signature]*

January 22, 2018

Honorable John J. Thomas
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**